THE SAMUEL LITTLE.

(District Court, E. D. New York. July 16, 1913.)

1. SEAMEN (§ 27*)—WAGES—LIEN.

One who has permitted himself to be made the record owner of a vessel, although merely for the accommodation of the real owner, and being in fact without interest, cannot establish a lien on the vessel for wages, to the displacement of other lienholders.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 4, 141, 157–169; Dec. Dig. § 27.*]

MARITIME LIENS (§ 61*)—PROCEEDINGS FOR ENFORCEMENT—CONTEST BE-TWEEN LIEN CLAIMANTS.

Where the proceeds of a vessel sold in proceedings to enforce liens are insufficient to pay all claims, one lien claimant may be permitted to answer and defend against the claim of another, even after an inter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

locutory decree has been entered, where newly discovered evidence justifies such relief.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 99; Dec. Dig. § 61.*]

In Admiralty. Suit by Arthur F. Smith against the steam tug Samuel Little. On petition of William Horre & Co. to open interlocutory decree. Petition granted.

Foley & Martin, of New York City, for libelant Smith and for colibelants Taft and McCambridge.

Alexander & Ash, of New York City, for colibelants William Horre & Co.

CHATFIELD, District Judge. The libelant Smith filed his claim for wages as engineer against the steamer Samuel Little, on January 30, 1913. On this claim an interlocutory decree was entered on February 21, 1913. One Taft and one John J. McCambridge were allowed by order of the court to file, on February 14, 1913, claims for wages as deckhands, as colibelants in the Smith action. The vessel was sold on February 14, 1913, under a libel for repairs, filed by one Ward, and realized the sum of $670, which is not sufficient to pay all the filed claims.

[1] On March 11, 1913, William Horre & Co. petitioned the court to be allowed to open the interlocutory decree and to file an answer to the Smith libel. A libel had been filed by Horre on the 8th day of February, 1913, for supplies. The ground for the petition is the discovery since the decree of facts tending to show that the libelant Smith is the record holder of title to the vessel. This would invalidate any claim by him of a lien for wages.

The affidavits show that a second man, by the name of John J. McCambridge, was the real owner, and that this McCambridge arranged with Smith to take title in Smith's name. Smith did this merely as an accommodation, and without consideration; but, having so done, he cannot claim a lien for wages as engineer. If he is the record owner, he could deduct his debt or collect the same before giving back his record title. If the value of the vessel be not sufficient to meet all claims, it must be held that he has trusted the individual, who has used him as a tool, and lost his rights in rem. This makes it impossible to grant to Smith a lien for his wages in advance of a lienholder for repairs.

[2] The only question is whether the libelant William Horre & Co. has been foreclosed from interposing an answer against the libelant in another action, by the advertising for claims and the entry of an interlocutory decree on default. Its libel was filed in time. Its proposed answer is not as to the merits of its own claim, but is rather to prevent priority or sharing in the proceeds by a colibelant, who now appears (before final decree) not to be entitled.

The court cannot see how this right has been cut off by anything which has occurred. The newly discovered evidence is sufficient ground to allow him to attack the Smith claim.

The motion will be granted.